FILED CLERK
U.S. DISTRICT COURT

2006 JUL 24  PM 2: 42

TEXAS EASTERN

BY_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| IPLEARN, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>PLATEAU SYSTEMS, LTD.,<br><br>   Defendants | CASE NO. 2:06cv299<br>Jury Trial Demanded |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff IpLearn, LLC ("IpLearn") complains against Defendant Plateau Systems, Ltd., ("Plateau" or "Defendant") as follows:

**I.  JURISDICTION AND VENUE.**

1. This is an action for patent infringement arising under the patent laws of the United States (Title 35 of the United States Code). The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the Defendant has committed acts of infringement within this judicial district which give rise to this action.

3. Venue is also proper in this district pursuant to 28 U.S.C. § 1400 because the Defendant has established minimum contacts with the forum such that the exercise of jurisdiction over the Defendant would not offend traditional notions of fair play and substantial justice.

**II.  THE PARTIES.**

4. Plaintiff IpLearn is a limited liability company organized under the laws of California, having its principal place of business in California.

5. Defendant Plateau is a corporation organized under the laws of Delaware, having its principal place of business in Virginia.

6. Plateau is registered to do business in Texas as a foreign corporation and has regular and systematic contacts with Texas and within this judicial district. Plateau's foreign corporation registration lists CT Corporation System, located at 350 N. St. Paul St., Dallas, TX 75201, as its registered agent for service of process.

## III. FACTUAL ALLEGATIONS

### A. The Patents-in-Suit.

7. On July 14, 1998, United States Patent No. 5,779,486 (the " '486 Patent") entitled "Methods and Apparatus to Assess and Enhance a Student's Understanding in a Subject" issued to Chi Fai Ho and Peter P. Tong. (A copy of the '486 Patent is attached hereto as Exhibit A.)

8. The entire right, title and interest to the '486 Patent has been assigned to IpLearn.

9. IpLearn is now, and at all relevant times has been, the owner and possessor of all rights pertaining to the '486 Patent.

10. On August 10, 1999, United States Patent No. 5,934,909 (the " '909 Patent") entitled "Methods and Apparatus to Assess and Enhance a Student's Understanding in a Subject" issued to Chi Fai Ho and Peter P. Tong. (A copy of the '909 Patent is attached hereto as Exhibit B.)

11. The entire right, title and interest to the '909 Patent has been assigned to IpLearn.

12. IpLearn is now, and at all relevant times has been, the owner and possessor of all rights pertaining to the '909 Patent.

13. On September 12, 2000, United States Patent No. 6,118,973 (the " '973 Patent") entitled "Methods and Apparatus to Assess and Enhance a Student's Understanding in a Subject" issued to Chi Fai Ho and Peter P. Tong. (A copy of the '973 Patent is attached hereto as Exhibit

C.)

14. The entire right, title and interest to the '973 Patent has been assigned to IpLearn.

15. IpLearn is now, and at all relevant times has been, the owner and possessor of all rights pertaining to the '973 Patent.

16. On October 3, 2000, United States Patent No. 6,126,448 (the "'448 Patent") entitled "Computer-Aided Learning Methods and Apparatus for a Job" issued to Chi Fai Ho and Peter P. Tong. (A copy of the '448 Patent is attached hereto as Exhibit D.)

17. The entire right, title and interest to the '448 Patent has been assigned to IpLearn.

18. IpLearn is now, and at all relevant times has been, the owner and possessor of all rights pertaining to the '448 Patent.

19. On April 10, 2001, United States Patent No. 6,213,780 (the "'780 Patent") entitled "Computer-Aided Learning and Counseling Methods and Apparatus for a Job" issued to Chi Fai Ho and Peter P. Tong. (A copy of the '780 Patent is attached hereto as Exhibit E.)

20. The entire right, title and interest to the '780 Patent has been assigned to IpLearn.

21. IpLearn is now, and at all relevant times has been, the owner and possessor of all rights pertaining to the '780 Patent.

22. On June 4, 2002, United States Patent No. 6,398,556 (the "'556 Patent") entitled "Inexpensive Computer-Aided Learning Methods and Apparatus for Learners" issued to Chi Fai Ho, John P. Del Favero, Jr., and Peter P. Tong. (A copy of the '556 Patent is attached hereto as Exhibit F.)

23. The entire right, title and interest to the '556 Patent has been assigned to IpLearn.

24. IpLearn is now, and at all relevant times has been, the owner and possessor of all rights pertaining to the '556 Patent.

25. On February 3, 2004, United States Patent No. 6,685,478 (the "'478 Patent") entitled "Inexpensive Computer-Aided Learning Methods and Apparatus for Learners" issued to Chi Fai Ho, John P. Del Favero, Jr., and Peter P. Tong. (A copy of the '478 Patent is attached hereto as Exhibit G.)

26. The entire right, title and interest to the '478 Patent has been assigned to IpLearn.

27. IpLearn is now, and at all relevant times has been, the owner and possessor of all rights pertaining to the '478 Patent.

28. On February 10, 2004, United States Patent No. 6,688,888 (the "'888 Patent") entitled "Computer-Aided Learning System and Method" issued to Chi Fai Ho and Peter P. Tong. (A copy of the '888 Patent is attached hereto as Exhibit H.)

29. The entire right, title and interest to the '888 Patent has been assigned to IpLearn.

30. IpLearn is now, and at all relevant times has been, the owner and possessor of all rights pertaining to the '888 Patent.

31. On February 24, 2004, United States Patent No. RE38,432 (the "'432 Patent") entitled "Computer-Aided Group-Learning Methods and Systems" issued to Chi Fai Ho and Peter P. Tong. (A copy of the '432 Patent is attached hereto as Exhibit I.)

32. The entire right, title and interest to the '432 Patent has been assigned to IpLearn.

33. IpLearn is now, and at all relevant times has been, the owner and possessor of all rights pertaining to the '432 Patent.

**B.   Infringement of the Patents-in-Suit.**

34. Defendant Plateau is a company that markets a line of products that facilitate training processes and links them to business objectives, including a product called Plateau Learning™ ("Plateau Learning").

35. Plateau Learning helps organizations manage their learning activities with computer tools that enable interactive training, learning assessment and recommendation, and job-related proficiency profiling and training recommendations.

36. Plateau is and has been infringing, contributing to the infringement of, and inducing others to infringe one or more of the claims of the patents-in-suit (collectively "the Patents-in-Suit") through the unauthorized manufacture, use, offer for sale, sale and/or export of Plateau Learning.

37. On information and belief, Plateau is and has been infringing the Patents-in-Suit by supplying products and/or causing products to be supplied in and/or from the United States in such a manner as to actively induce and/or contribute to the infringement of the Patents-in-Suit outside the United States.

38. On information and belief, Plateau had knowledge of the Patents-in-Suit when committing its infringing acts.

### FIRST CAUSE OF ACTION
### (Infringement of the '486 Patent)

39. IpLearn realleges and incorporates by reference the allegations contained in paragraphs 1 - 37.

40. Plateau has directly and contributorily infringed, and has induced others to infringe, one or more of the claims of the '486 patent by the unauthorized manufacture, use, offer for sale, sale and/or export of infringing products within this district and elsewhere

41. On information and belief, Plateau is and has been infringing the '486 Patent by supplying products and/or causing products to be supplied in and/or from the United States in such a manner as to actively induce and/or contribute to the infringement of the Patents-in-Suit outside the United States.

42. On information and belief, Plateau is and has been willfully infringing one or more of the claims of the '486 Patent

43. As a result of Plateau's infringement of the '486 Patent, IpLearn has suffered irreparable harm for which IpLearn has no adequate remedy at law. Unless enjoined by this Court, Plateau's infringement of the '486 Patent will continue and will result in further irreparable harm to IpLearn

44. IpLearn is entitled to recover damages from Plateau adequate to compensate for the infringement.

## SECOND CAUSE OF ACTION
### (Infringement of the '909 Patent)

45. IpLearn realleges and incorporates by reference the allegations contained in paragraphs 1 - 44.

46. Plateau has directly and contributorily infringed, and has induced others to infringe, one or more of the claims of the '909 patent by the unauthorized manufacture, use, offer for sale, sale and/or export of infringing products within this district and elsewhere.

47. On information and belief, Plateau is and has been infringing the '909 Patent by supplying products and/or causing products to be supplied in and/or from the United States in such a manner as to actively induce and/or contribute to the infringement of the Patents-in-Suit outside the United States

48. On information and belief, Plateau is and has been willfully infringing one or more of the claims of the '909 Patent.

49. As a result of Plateau's infringement of the '909 Patent, IpLearn has suffered irreparable harm for which IpLearn has no adequate remedy at law. Unless enjoined by this

Court, Plateau's infringement of the '909 Patent will continue and will result in further irreparable harm to IpLearn.

50. IpLearn is entitled to recover damages from Plateau adequate to compensate for the infringement.

### THIRD CAUSE OF ACTION
### (Infringement of the '973 Patent)

51. IpLearn realleges and incorporates by reference the allegations contained in paragraphs 1 - 50.

52. Plateau has directly and contributorily infringed, and has induced others to infringe, one or more of the claims of the '973 patent by the unauthorized manufacture, use, offer for sale, sale and/or export of infringing products within this district and elsewhere.

53. On information and belief, Plateau is and has been infringing the '973 Patent by supplying products and/or causing products to be supplied in and/or from the United States in such a manner as to actively induce and/or contribute to the infringement of the Patents-in-Suit outside the United States.

54. On information and belief, Plateau is and has been willfully infringing one or more of the claims of the '973 Patent.

55. As a result of Plateau's infringement of the '973 Patent, IpLearn has suffered irreparable harm for which IpLearn has no adequate remedy at law. Unless enjoined by this Court, Plateau's infringement of the '973 Patent will continue and will result in further irreparable harm to IpLearn.

56. IpLearn is entitled to recover damages from Plateau adequate to compensate for the infringement.

## FOURTH CAUSE OF ACTION
### (Infringement of the '448 Patent)

57. IpLearn realleges and incorporates by reference the allegations contained in paragraphs 1 - 56.

58. Plateau has directly and contributorily infringed, and has induced others to infringe, one or more of the claims of the '448 patent by the unauthorized manufacture, use, offer for sale, sale and/or export of infringing products within this district and elsewhere

59. On information and belief, Plateau is and has been infringing the '448 Patent by supplying products and/or causing products to be supplied in and/or from the United States in such a manner as to actively induce and/or contribute to the infringement of the Patents-in-Suit outside the United States.

60. On information and belief, Plateau is and has been willfully infringing one or more of the claims of the '448 Patent.

61. As a result of Plateau's infringement of the '448 Patent, IpLearn has suffered irreparable harm for which IpLearn has no adequate remedy at law. Unless enjoined by this Court, Plateau's infringement of the '448 Patent will continue and will result in further irreparable harm to IpLearn.

62. IpLearn is entitled to recover damages from Plateau adequate to compensate for the infringement.

## FIFTH CAUSE OF ACTION
### (Infringement of the '780 Patent)

63. IpLearn realleges and incorporates by reference the allegations contained in paragraphs 1 - 62.

64. Plateau has directly and contributorily infringed, and has induced others to infringe, one or more of the claims of the '780 patent by the unauthorized manufacture, use, offer

for sale, sale and/or export of infringing products within this district and elsewhere.

65. On information and belief, Plateau is and has been infringing the '780 Patent by supplying products and/or causing products to be supplied in and/or from the United States in such a manner as to actively induce and/or contribute to the infringement of the Patents-in-Suit outside the United States.

66. On information and belief, Plateau is and has been willfully infringing one or more of the claims of the '780 Patent.

67. As a result of Plateau's infringement of the '780 Patent, IpLearn has suffered irreparable harm for which IpLearn has no adequate remedy at law. Unless enjoined by this Court, Plateau's infringement of the '780 Patent will continue and will result in further irreparable harm to IpLearn.

68. IpLearn is entitled to recover damages from Plateau adequate to compensate for the infringement.

### SIXTH CAUSE OF ACTION
### (Infringement of the '556 Patent)

69. IpLearn realleges and incorporates by reference the allegations contained in paragraphs 1 - 68.

70. Plateau has directly and contributorily infringed, and has induced others to infringe, one or more of the claims of the '556 patent by the unauthorized manufacture, use, offer for sale, sale and/or export of infringing products within this district and elsewhere.

71. On information and belief, Plateau is and has been infringing the '556 Patent by supplying products and/or causing products to be supplied in and/or from the United States in such a manner as to actively induce and/or contribute to the infringement of the Patents-in-Suit outside the United States.

72. On information and belief, Plateau is and has been willfully infringing one or more of the claims of the '556 Patent.

73. As a result of Plateau's infringement of the '556 Patent, IpLearn has suffered irreparable harm for which IpLearn has no adequate remedy at law. Unless enjoined by this Court, Plateau's infringement of the '556 Patent will continue and will result in further irreparable harm to IpLearn.

74. IpLearn is entitled to recover damages from Plateau adequate to compensate for the infringement.

## SEVENTH CAUSE OF ACTION
### (Infringement of the '478 Patent)

75. IpLearn realleges and incorporates by reference the allegations contained in paragraphs 1 - 74.

76. Plateau has directly and contributorily infringed, and has induced others to infringe, one or more of the claims of the '478 patent by the unauthorized manufacture, use, offer for sale, sale and/or export of infringing products within this district and elsewhere.

77. On information and belief, Plateau is and has been infringing the '478 Patent by supplying products and/or causing products to be supplied in and/or from the United States in such a manner as to actively induce and/or contribute to the infringement of the Patents-in-Suit outside the United States.

78. On information and belief, Plateau is and has been willfully infringing one or more of the claims of the '478 Patent.

79. As a result of Plateau's infringement of the '478 Patent, IpLearn has suffered irreparable harm for which IpLearn has no adequate remedy at law. Unless enjoined by this

Court, Plateau's infringement of the '478 Patent will continue and will result in further irreparable harm to IpLearn

80. IpLearn is entitled to recover damages from Plateau adequate to compensate for the infringement

### EIGHTH CAUSE OF ACTION
**(Infringement of the '888 Patent)**

81. IpLearn realleges and incorporates by reference the allegations contained in paragraphs 1 - 80.

82. Plateau has directly and contributorily infringed, and has induced others to infringe, one or more of the claims of the '888 patent by the unauthorized manufacture, use, offer for sale, sale and/or export of infringing products within this district and elsewhere.

83. On information and belief, Plateau is and has been infringing the '888 Patent by supplying products and/or causing products to be supplied in and/or from the United States in such a manner as to actively induce and/or contribute to the infringement of the Patents-in-Suit outside the United States.

84. On information and belief, Plateau is and has been willfully infringing one or more of the claims of the '888 Patent

85. As a result of Plateau's infringement of the '888 Patent, IpLearn has suffered irreparable harm for which IpLearn has no adequate remedy at law. Unless enjoined by this Court, Plateau's infringement of the '888 Patent will continue and will result in further irreparable harm to IpLearn.

86. IpLearn is entitled to recover damages from Plateau adequate to compensate for the infringement

## NINTH CAUSE OF ACTION
### (Infringement of the '432 Patent)

87  IpLearn realleges and incorporates by reference the allegations contained in paragraphs 1 - 86

88. Plateau has directly and contributorily infringed, and has induced others to infringe, one or more of the claims of the '432 patent by the unauthorized manufacture, use, offer for sale, sale and/or export of infringing products within this district and elsewhere.

89  On information and belief, Plateau is and has been infringing the '432 Patent by supplying products and/or causing products to be supplied in and/or from the United States in such a manner as to actively induce and/or contribute to the infringement of the Patents-in-Suit outside the United States.

90. On information and belief, Plateau is and has been willfully infringing one or more of the claims of the '432 Patent.

91. As a result of Plateau's infringement of the '432 Patent, IpLearn has suffered irreparable harm for which IpLearn has no adequate remedy at law. Unless enjoined by this Court, Plateau's infringement of the '432 Patent will continue and will result in further irreparable harm to IpLearn.

92. IpLearn is entitled to recover damages from Plateau adequate to compensate for the infringement.

## PRAYER FOR RELIEF

WHEREFORE, IpLearn respectfully requests the following relief:

a) That this Court adjudge and decree that Defendant has been and is currently infringing, inducing others to infringe, and committing acts of contributory infringement with respect to the Patents-in-Suit;

b) That this Court enter an order that Defendant and its officers, agents, servants, employees, successors and assigns, and those persons acting in concert with them, be preliminarily and permanently enjoined from infringing, inducing others to infringe, and committing acts of contributory infringement with respect to the Patents-in-Suit;

c) That this Court award damages to IpLearn to compensate it for each of the unlawful actions set forth in IpLearn's complaint;

d) That this Court award interest on such damages to IpLearn;

e) That this Court treble the damages awarded to IpLearn pursuant to 35 U.S.C. § 284 and 15 U.S.C. § 15(a) as a consequence of Defendant's willful infringement of the Patents-in-Suit;

f) That this Court determine that this patent infringement case is exceptional and award IpLearn its costs and attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285; and

g) That this Court award such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues triable thereby.

Dated: July 24, 2006                     Respectfully submitted,

*James P. Brogan / by Collin Maloney with permission*

James P. Brogan
Wayne O. Stacy (Texas Bar No. 24008070)
COOLEY GODWARD LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8023
Telephone:   (720) 566-4000
Facsimile:   (720) 566-4099

OF COUNSEL:

Collin M. Maloney
Texas State Bar No. 00794219
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, TX 75703
Telephone:   (903) 561-1600
Facsimile:   (903) 581-1071

Carolyn V. Juarez
COOLEY GODWARD LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8023
Telephone:   (720) 566-4000
Facsimile:   (720) 566-4099

Thomas J. Friel
COOLEY GODWARD LLP
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone:   (415) 693-2000
Facsimile:   (415) 693-2222

ATTORNEYS FOR IPLEARN, LLC